IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY LEE MARTIN, ET AL | ) | |
| | ) | |
| V. | ) | 3-03-CV-2589-D |
| | ) | |
| REVERE SMELTING & REFINING | ) | |
| CORPORATION, ET AL | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order filed on February 2, 2005, the above styled and numbered action has been re-referred to the magistrate judge for further proceedings, and the magistrate judge finds and recommends as follows:

On August 27, 2004, the undersigned filed a prior recommendation in which the magistrate judge recommended that the complaint be dismissed. In its order filed on February 2, 2005, the District Court adopted in part and rejected in part the recommendation. Specifically the District Court dismissed claims asserted by the Plaintiffs under the Clean Air Act (See order at Part II, pages 3-4), their CERCLA claim (Id. at Part III at pages 4-5), and their conspiracy claim (Id. at IV at page 5). However, with the exception of the personal injury claim brought by Larry Lee Martin (Id. at V.D. at page 11), the District Court declined to accept the magistrate judge's recommendation that the Plaintiffs' individual claims be dismissed as being time-barred (Id. at V.C. at page 10). The District Court's order did not address the alternative basis for dismissal of Plaintiffs' amended complaint set out in the magistrate judge's August 27, 2004, recommendation. See recommendation at pages 5-6. The remaining Plaintiffs who have not previously been dismissed are Larry Lee

Martin, Sallie Marie Alexander, Linda Martin, Freddrick Johnson, Cleo Ferguson, Mcyril Henderson and David Martin.  See District Court's order filed on February 2, 2005, at page 12.[1]

In its February 2, 2005, order the District Court authorized the magistrate judge to limit consideration to Plaintiffs' federal claims, noting inter alia the absence of completely diverse citizenship and the well-established authority of a federal court to dismiss supplemental state law claims when all federal claims are dismissed or otherwise eliminated.  Therefore, the magistrate judge limits review to possible federal question jurisdiction claims.

Plaintiffs' Amended Complaint does not identify any federal statute on which any possible federal claim can be based, other than those which the District Court has dismissed.  Rather, the complaint alleges their claims in an extremely nebulous fashion.  See Amended Complaint at 1, ¶¶ 4, 7 and 11.  While a court is required to construe a pro se complaint liberally, the court is not required to survey all federal statutes to determine whether the facts alleged might fall within the scope of remedial or compensatory legislation.

Insofar as Plaintiffs' live pleading seeks recovery against the United States Environmental Protection Agency (E.P.A.) it is clear that their complaint is frivolous as a matter of law.  The United States and federal agencies are immune from suits for monetary damages, except to the extent that Congress has expressly waived such immunity.  Plaintiffs' Amended Complaint seeks recovery for past and future medical expenses, unspecified economic damages and punitive damages alleged to have been caused because of exposure to lead, arsenic, cadmium and asbestos.  See Plaintiffs'

---

[1] Other individuals named in Plaintiffs' Amended Complaint filed on December 11, 2003, were dismissed from this action prior to or contemporaneously with the District Court's February 2, 2005, order.  Sharon Ferguson and Debbie Ferguson were dismissed without prejudice in failing to timely pay the $150.00 filing fee as ordered by the District Court.

Amended Complaint at ¶¶ 5 and 12. To the extent that the E.P.A. is sought to be held liable for such injuries it is apparent that Plaintiffs are relying on traditional concepts of tort law. A tort action cannot be brought against a federal agency in its own name. However, an aggrieved party may bring an action against the United States predicated on the tortious conduct of a federal agency under the Federal Tort Claims Act (FTCA), but only after a person has filed an administrative claim with the responsible agency. It is clear that none of the remaining Plaintiffs has filed an administrative claim with the E.P.A.[2] Therefore, each of their claims against the E.P.A. is barred by sovereign immunity, rendering the same frivolous as a matter of law.

In light of the District Court's rejection of Plaintiffs' conspiracy claim, the fact that Revere Smelting & Refining Corp. (RSR) is a private non-diverse party and that Plaintiffs have failed to identify any federal statute which provides for a private cause of action for damages against an alleged private party polluter, there are no cognizable federal claims alleged against RSR and Plaintiffs' claims against RSR should be dismissed. E.g. see McClelland v. Gronwaldt, 155 F.3d 507, 519 (5th Cir. 1998).

The remaining Defendants are state or local governmental entities. Insofar as Plaintiffs seek to recover damages against the State of Texas, their claims are barred by the Eleventh Amendment to the United States Constitution. Therefore, their respective claims against the State of Texas are frivolous as a matter of law. Liberally construed Plaintiffs' Amended Complaint as it relates to the remaining governmental entities appears to allege an action brought under 42 U.S.C. § 1983. However, to the extent that they seek damages against the City of Dallas, it appears that their

---

[2] See the remaining Plaintiffs' answers to Question 10 of the magistrate judge's Supplemental Questionnaire in which each stated that he/she had not filed an administrative claim with any governmental entity defendant.

complaint is fatally deficient. See Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978). But for the purposes of the remainder of the present recommendation the magistrate judge assumes that Plaintiffs' Amended Complaint is sufficient to allege liability against the City and that the Dallas Housing Authority (DHA)[3] is a suable government entity, though both assumptions are decidedly dubious.

It is well settled that negligence claims are not actionable in an action predication on § 1983. E.g. see Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668 (1986). Plaintiffs' Amended Complaint alleges negligent causes of action. See Amended Complaint at ¶ 4, and alleges that Defendants breached a duty of ordinary care allegedly owed to them, which sound under traditional elements of common law negligence. Similarly their state law claims appear to be based on negligence theories. As such, to the extent that Plaintiffs' individual claims against the non-federal governmental entities are predicated on negligent conduct, they fail to state cognizable federal claims.

Finally, it is clear that Plaintiffs have failed to demonstrate facts on which an award of damages could be based. When a plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915 gives a court the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitze v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832 (1989).

Compensatory damages awarded pursuant to a claim brought under § 1983 are governed by common law tort principles. Keyes v. Lauga, 635 F.2d 330, 336 (5th Cir. 1981). See also Jolivet v.

---

[3] Since the Plaintiffs sue the DHA rather than an individual employee of the agency, Monell applies with equal force to their claims against it.

Deland, 966 F.2d 573, 576 (10th Cir. 1992) (the purpose of § 1983 damages is to provide compensation for injuries caused by the violation of a plaintiff's civil rights, but no compensation may be awarded absent proof of actual injury); See also Farrar v. Hobby, 506 U.S. 103, 112, 113 S.Ct. 566, 573 (1992).

Each of the remaining Plaintiffs has identified alleged injuries which he/she claims to have sustained as a result of exposure to activities and/or premises at the RSR facility between 1970 and 2000. See Plaintiffs' answers to Question 4 of the magistrate judge's Supplemental Questionnaire. While a plaintiff is competent to testify to the existence of medical conditions it is axiomatic that expert testimony must be presented to establish a causal connection between the described medical conditions and the conduct of a defendant in order to prove up damages. It is on this basis that the magistrate judge formerly recommended the alternative ground for dismissal of the remaining Plaintiffs' claims. See Recommendation filed on August 27, 2004, at pages 5-6. In addressing this aspect of the recommendation in their objections the Plaintiffs stated that exposure to toxic substances causes injuries and that they were seeking out an expert witness, conceding the necessity of the same. See Plaintiffs' objection No. 3 at page 6.

While the factual allegations in Plaintiffs' Amended Complaint are not as bizarre or as fanciful as those in the complaint described in Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728 (1992), the fact remains that their claimed damages are predicated solely upon their speculative and incompetent suggestion of causality without any hint that an individual is available who will provide expert testimony to meet their burden of proof.[4] Their answers to the supplemental questionnaire

---

[4]See Pedraza v. Jones, 713 F.3d 194 (5th Cir. 1995) (holding that 28 U.S.C. § 1915 does not authorize the expenditure of public funds to retain the services of an expert for a plaintiff proceeding in forma pauperis).

reflect that none has been advised by a medical care practitioner that their symptoms were caused by lead exposure (See answers to Question 7) and no expert has agreed to provide testimony or has been retained to provide and expert opinion (See answers to Questions 8 and 9).  Under such circumstances, the undersigned is of the opinion that there is no arguable factual basis to support the remaining Plaintiffs' action for damages allegedly caused by toxic pollutants or residue located at the RSR facility.

RECOMMENDATION:

For the foregoing reasons it is recommended that all federal claims asserted by Sallie Marie Alexander, Linda Martin, Cleo Ferguson and David Martin be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and the federal claims asserted by Larry Lee Martin, Freddrick Johnson and Mcyril Javon Henderson be dismissed pursuant to 28 U.S.C. § 1915A(b)(i).

Consistent with the directives of the District Court, it is further recommended that any state law claims alleged in Plaintiffs' Amended Complaint be dismissed without prejudice.

SIGNED this 18th day of May, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain

error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.