IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY LEE MARTIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:03-CV-2589-D |
| VS. | § | |
| | § | |
| REVERE SMELTING & REFINING | § | |
| CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, and the

May 18, 2005 findings, conclusions, and recommendation of the magistrate judge, the court

concludes (without necessarily agreeing with all the findings and conclusions) that the

recommendation is correct and is therefore adopted.

As the court noted in its February 2, 2005 order, *see Martin v. Revere Smelting & Refining

Corp.*, 2005 WL 280326, at *2 (Feb. 2, 2005) (Fitzwater, J.) ("*Martin I*"), this action is before the

court at the § 1915 screening stage, and it may be dismissed if it is frivolous or fails to state a claim

on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is also before the court

for § 1915A screening, because several plaintiffs are prisoners. 28 U.S.C. § 1915A(b)(i), like 28

U.S.C. § 1915(e)(2)(B)(i) and (ii), permits dismissal where a complaint is frivolous or fails to state

a claim on which relief may be granted. An action is frivolous if it lacks an arguable basis in either

law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53

(5th Cir.1991). A complaint is without an arguable basis in law if it is grounded upon an untenable

or discredited legal theory. *See id.* at 325; *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th

Cir.2001). A claim lacks an arguable basis in fact only if based on factual allegations that are clearly

fanciful or delusional in nature.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

In response to the magistrate judge's latest recommendation, plaintiffs maintain that they have standing to sue under Article III of the Constitution, this court has jurisdiction under 28 U.S.C. § 1343(a)(2) and (3), and they have a valid claim under 42 U.S.C. § 1985(3) and the Fifth Amendment Due Process Clause.  They also assert that the court can exercise supplemental jurisdiction over their state-law claims under 28 U.S.C. § 1367.  The court concludes that plaintiffs have failed to plead a non-frivolous federal-law claim, and it declines in its discretion to exercise supplemental jurisdiction over their state-law claims.

In *Martin I* the court held that "[n]either plaintiffs' amended complaint nor their objections to the magistrate judge's recommendation contain direct or circumstantial facts that support the existence of a conspiracy among the defendants.  Therefore, plaintiffs' conspiracy claim is dismissed for failure to state a claim upon which relief may be granted."  *Martin I*, 2005 WL 280326, at *3.  A claim under 42 U.S.C. § 1985(3) is based on a conspiracy.  *See, e.g., Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994) (holding that to state claim under § 1985(3) plaintiff must allege conspiracy).  Because plaintiffs' amended complaint does not adequately plead facts that support the existence of a conspiracy among the defendants, and because plaintiffs' initial objections (and their current objections) are likewise insufficient, they have failed to state a claim under § 1985(3) that is sufficient to withstand dismissal at the screening stage.

Plaintiffs have likewise failed to plead a claim for relief under the Fifth Amendment Due Process Clause.  Their allegation of a Fifth Amendment violation is conclusory, *see* Am. Compl. ¶ 4, and the averments of their amended complaint do not otherwise plead a claim under the Fifth Amendment on which relief may be granted.

- 2 -

The court declines in its discretion to exercise jurisdiction over plaintiffs' state-law claims. *See Martin I*, 2005 WL 280326, at *6.

Accordingly, the federal-law claims of plaintiffs Larry Lee Martin, Sallie Marie Martin Alexander, Linda Martin, Freddrick Johnson, Cleo Ferguson, Mcyril Javon Henderson, and Daniel Martin are dismissed with prejudice, and their state-law claims are dismissed without prejudice by judgment filed today.

**SO ORDERED**.

July 19, 2005.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 3 -